**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAMES K. SHORT, | No. 13-36101 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00248-SLG |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted August 14, 2014[**]
Anchorage, Alaska

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

James K. Short appeals the district court's entry of judgment on his Federal

Tort Claims Act suit in favor of the United States following a bench trial. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review a district court's findings of facts and "the results of essentially factual inquiries applying the law to the facts" made during a bench trial for clear error. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (internal quotation marks omitted).

The district court did not clearly err by relying on expert testimony to find that the treatment plan prescribed by the treating medical professional met the applicable standard of care. An expert testified that colon cancer was extremely rare for people of Short's age. In addition, Short did not have a family history of colon cancer. Based on these findings of fact, the district court made a reasonable inference that the United States did not breach a duty owed to Short when it made the initial diagnosis of hemorrhoids based on Short's symptoms.

The district court did not err by finding Short's recovery barred based on a finding that Short's fault was greater than the United States'. *Lasley v. Combined Transp., Inc.*, 261 P.3d 1215, 1225 n.7 (Or. 2011) (en banc). Short did not seek medical care for his rectal bleeding and other symptoms between December 18, 2007 and March 25, 2009, even though he had been instructed by medical professionals to return if he experienced further symptoms. Despite numerous meetings with medical professionals in 2008, medical records indicate that Short never mentioned his abdominal problems. Short mentioned his abdominal

2

problems on March 25, 2009. He was then immediately referred for a colonoscopy and a cancer diagnosis was made in April 2009. Based on this evidence, the district court did not err in determining that Short's recovery was barred under Oregon law as his fault was comparatively greater than that of Keene. *See Son v. Ashland Cmty. Healthcare Servs.*, 244 P.3d 835, 844–45 (Or. App. 2010).

The district court did not clearly err by finding Short failed to prove an injury where the record lacks evidence that Short's treatment or prognosis were affected by a delayed diagnosis. Short presented neither specific evidence nor expert testimony that an earlier diagnosis would have resulted in an improved prognosis or a less invasive surgery. Further, the record supports the finding that the diagnostic procedures identified by Short would not have diagnosed his cancer if performed by the United States on December 18, 2007. The DRE diagnostic procedure that Short argues should have been performed was eventually performed in March 2009. Even at that later date, the procedure did not detect the cancer.

**AFFIRMED.**